Vincent Albert DENTON,
Petitioner-Appellee,

v.

James G. RICKETTS and J.D. MacFarlane, Respondents-Appellants.

No. 82–1962.

United States Court of Appeals,
Tenth Circuit.

March 2, 1984.

Nathan B. Coats, Chief, Crim. Appeals Unit, Enforcement Section, Denver, Colo. (J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., and Joel W. Cantrick, Sol. Gen., Denver, Colo., with him on brief), for respondents-appellants.

Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo. (Michael G. Katz, Federal Public Defender, Denver, Colo., on the brief), for petitioner-appellee.

Before SETH, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

Pursuant to 28 U.S.C. § 2254, Vincent Denton, an inmate in the Colorado State Penitentiary, filed, *pro se,* a petition for a writ of habeas corpus in the United States District Court for the District of Colorado, challenging his confinement. The gravamen of the petition was that Denton had been denied his Sixth Amendment right to the effective assistance of counsel in the state trial proceedings which resulted in his conviction and sentence to the state penitentiary.

Denton's petition was referred to a United States Magistrate, who conducted an "investigative hearing." More specifically, the magistrate interviewed Denton at the state penitentiary, Denton's mother, and the appointed counsel, who represented Denton in the state trial. These interviews were tape recorded.

Based on this investigative hearing, and a review of the state records, the magistrate filed recommended findings and order. The magistrate found that Denton's appointed counsel in the state trial proceedings did not afford Denton the assistance of counsel as required by the Sixth Amendment and recommended that Denton be given a new trial, or discharged from the penitentiary. The State of Colorado filed objections to the magistrate's recommended findings and order, and specifically objected to the informal nature of the investigative hearings conducted by the magistrate. The district court thereafter adopted, without elaboration, the magistrate's proposed findings and ordered that Denton be promptly retried, or released. The State of Colorado appeals.

Denton was charged, and convicted, in a state district court with burglary and theft of articles from a private home in Denver, Colorado. Without detailing the evidence adduced in the state trial, the prosecution's evidence showed that undercover FBI agents bought stolen merchandise from Denton, and others.

After a jury convicted Denton on all counts, i.e., burglary, larceny, and conspiracy, appointed counsel was permitted to withdraw, and Denton was thereafter represented by the state's public defender. The latter filed with the state trial court a motion for a new trial based on the claim that Denton had not received effective assistance of counsel. The claim of ineffective assistance of counsel was based, in part, on the suggestion that appointed counsel had not located, and called as a defense witness, an alleged accomplice who would have "cleared" Denton, and, in like vein, had not called as a defense witness a co-defendant, who pled guilty to certain of the charges.

The judge of the state court who presided at Denton's trial, the Honorable Howard M. Kirshbaum, now a Justice of the Colorado Supreme Court, conducted an evidentiary hearing on Denton's claim that his trial counsel was constitutionally ineffective. This hearing was adversarial in nature. At the conclusion of the hearings, Judge Kirshbaum rejected the claim of ineffective assistance of counsel. Specifically, Judge Kirshbaum held that appointed counsel's representation of Denton did not offend Sixth Amendment rights, and was, under the circumstances, "reasonable." On appeal, the Colorado Court of Appeals affirmed Denton's conviction, and specifically rejected Denton's renewed claim that his trial counsel did not adequately represent him. It was at this point that Denton turned to the federal courts.

The initial and controlling issue is whether the district court, and its magistrate, complied with 28 U.S.C. § 2254(d). We hold that they did not, and on that basis we reverse, and remand, with directions that any further proceedings comply with the requirements of 28 U.S.C. § 2254(d).

Section 2254(d) provides, as a starting point, that a determination on the merits of a factual issue by a state court of competent jurisdiction shall be presumed to be correct by a federal court where a § 2254 proceeding has been instituted. The statute then provides for eight exceptions to the rule of presumptive correctness. It then goes on to provide that the petitioner in the federal court proceeding has the burden to prove that the factual determination of the state court was in error. In this latter connection, the statute specifically states that "in an *evidentiary hearing* in the proceeding in Federal Court . . ., the burden shall rest upon the applicant to establish by *convincing evidence* that the factual determination by the state court was erroneous." (Emphasis added.) For a more detailed analysis of § 2254(d), see *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) and *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982).

In the instant case, the magistrate recognized that under § 2254(d) the determination by the state judge of factual matters was presumed to be correct. Further, from our reading of the Amended Recommendation of the magistrate, the magistrate also held that none of the eight exceptions to the presumption of correctness applied to the instant case. Accordingly, the basis for the recommendation by the magistrate that Denton be retried or released is that Denton had met his statutory duty of establishing by convincing evidence that the state court's determination is erroneous, and that the presumption of correctness had been thus "overcome." However, in our best view, the hearing held by the magistrate in the instant case is not the "evidentiary hearing" contemplated by § 2254(d) and is therefore insufficient to support the judgment entered by the district court.

As above stated, Denton filed his § 2254 petition *pro se.* The respondents in the federal proceeding filed a complete record of the state court proceedings, including a transcript of Denton's trial, and a transcript of the proceedings in connection with Denton's post-trial motion where he claimed ineffective assistance of trial counsel.

At one point in the federal proceedings, Denton filed a request that a "legal advisor" be appointed to assist him in his § 2254 proceeding. It does not appear from the record that one was appointed. Instead, the magistrate, acting purportedly under a local court rule, traveled to the state penitentiary and interviewed Denton. The magistrate then interviewed Denton's mother and appointed counsel who represented Denton in trial. Based in the main upon these three interviews, the magistrate recommended that the district court order Denton's release, or a new trial. The basis for his recommendation was a belief by the magistrate that these three interviews were sufficient to show that the state court's determination of factual matters was erroneous. As indicated, the district court simply adopted the magistrate's findings, without a hearing, even though objections to the

magistrate's recommendations had been filed.

In short, then, we hold that the presumption of correctness referred to in § 2254(d) cannot be overcome by a finding that the petitioner has established by convincing evidence that the state court's determination of factual matters is erroneous when such is based on an "investigatory hearing" of the sort conducted here. The "evidentiary hearing" referred to in § 2254(d) means to us a much more formal hearing than the one conducted here. It should be a hearing which is conducted in an adversarial manner. If a federal court is going to hold that a state court's determination of factual matter, made as it was in the instant case after an adversarial proceeding, is erroneous, it should at least do so on the same basis as did the state court, i.e., after an adversarial proceeding. It should not be on the basis of taped interviews with a defendant, his mother, and trial counsel.

Judgment reversed and cause remanded.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, HATCHETT, ANDERSON and CLARK, Circuit Judges.